**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BERRY MORROW
ADC #143825                                                        PLAINTIFF

V.                      CASE NO. 5:14-CV-00061 BSM/BD

MARVIN HUGHEY, et al.                                DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.**     **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Chief United States District Judge Brian Miller. Any party to this suit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation. Objections must be specific and must include the factual or legal basis for the objection. An objection to a factual finding must identify the finding of fact believed to be wrong and describe the evidence that supports that belief.

By not objecting, parties may jeopardize any right to appeal questions of fact. And, if no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.**     **Background:**

Plaintiff Barry Morrow, an Arkansas Department of Correction ("ADC") inmate, filed this lawsuit *pro se* under 42 U.S.C. § 1983, alleging that Defendants violated his

first amendment rights by forcing him to submit to a tuberculosis ("TB") test that involved an injection.  (Docket entry #2, #21)

Defendants employed by the ADC filed a joint motion for summary judgment, a brief in support, and a statement of undisputed facts.  (#89, #90, #91)  Marvin Hughey, the only remaining medical defendant, has also filed a motion for summary judgment, a brief in support, and a statement of undisputed facts.  (#92, #93, #94)

For reasons set forth below, the Court recommends that both motions for summary judgment (#89, #92) be GRANTED.

## III.  Discussion:

A.  Standard

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 249-50 (1986).  The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact.  *Celotex,* 477 U.S. at 323.  Thereafter, the nonmoving party must present specific facts showing that there is a genuine dispute that must be decided at a trial.  *See* Fed R. Civ. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

B.      First Amendment Claim[1]

According to Mr. Morrow, his religious beliefs dictate that he must not ingest or be injected with any pork (or pork byproducts) or any pharmaceutical, as long as there is an alternative. (#21) Mr. Morrow explains: "I am a Nazarite. Other than that I do not put a 'Name' on my religion. . . . I am a cross between Christians, Yahinuhist, Judaism, and Buddism." (#103 at p. 1-2)

Mr. Morrow believes that the TB injection used for inmates at the ADC contains artificial substances as well as pork or pork byproducts. (#21) He requests a less restrictive means of testing. Mr. Morrow alleges that, while he was housed at another ADC unit, an alternative test that did not involve an injection was used and, therefore, did not violate his constitutional rights. (#21)

Pursuant to ADC policy, all inmates and prison employees are screened for TB using the Mantoux skin test. (#93 at p. 2) The Mantoux skin test is an injection containing Tuberculin. Tuberculin is made from proteins derived from inactive tubercle bacilli. (#93 at p. 2)

TB is a communicable disease that can spread rapidly from person to person through the air. (#93) Persons with latent TB usually do not have any symptoms. (#93) According to Dr. Floss, Medical Director for Corizon, although there are alternative ways

---

[1]The Court does not analyze Mr. Morrow's claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") because Mr. Morrow does not make a RLUIPA claim in his Complaint or Amended Complaint. In any event, the result would be the same.

to test for TB, those methods are insufficient to detect latent TB.  Therefore, the Mantoux skin test is one test relied upon to identify and isolate potential carriers who may later develop contagious, active forms of TB.  (#93, Ex. A at p. 2)

Pursuant to ADC policy, if an inmate refuses to submit to the TB screening, the inmate is counseled, interviewed for signs of TB, and the refusal is documented.  (#93)  If the inmate continues to refuse, within ten to fifteen working days, the director of nursing interviews the inmate.  (#93)  If counseling fails, correctional officers may restrain an inmate for testing.  (#93)

On March 19, and 27, 2013, Mr. Morrow refused to submit to a Mantoux skin test.  On April 1, 2013, he was physically restrained, and the Mantoux skin test was administered.  (#93)

To determine whether Mr. Morrow's first amendment rights were violated, Mr. Morrow must prove that his sincerely held religious beliefs were substantially burdened when Defendants forcibly tested him for TB.  A regulation that "substantially burdens" an inmate's rights:

> must significantly inhibit or constrain conduct or expression that manifests some central tenet of a person's individual religious beliefs; must meaningfully curtail a person's ability to express adherence to his or her faith; or must deny a person reasonable opportunities to engage in those activities that are fundamental to a person's religion.

*Murphy v. Mo. Dep't of Corr.*, 372 F.3d 979, 988 (8th Cir. 2004) (quotation and alterations omitted).

Mr. Morrow maintains that the ADC policy requiring use of the Mantoux skin test violates his belief that it is sinful to allow pork or artificial substances to enter his body. He states that "PPD is considered a pharmaceutical and an artificial substance and upon information and belief contains a pork by product." (#21)

For purposes of considering the motions for summary judgment, the Court will assume that the TB injection goes against a tenet of Mr. Morrow's sincerely held religious belief. Although there is no proof in the record, the Court will further assume that the injection contains pork or a pork byproduct.

A prison regulation that impinges on an inmate's constitutional rights must be "reasonably related to legitimate penological interests." *Murchison v. Rogers*, 779 F.3d 882, 887 (8th Cir. 2015) (citing *Turner v. Safley*, 482 U.S. 78, 89, 107 S.Ct. 2254(1987)). Here, there is a "valid rational connection" between the policy of using the Mantoux skin test and the ADC's interest in maintaining the health and safety of both inmates and prison staff. Given the seriousness of TB, as well as the close proximity of inmates, there is no question that the Mantoux skin test is rationally related to a valid penological interest – maintaining the health of ADC inmates and staff.

Mr. Morrow maintains, however, that there is a ready alternative to the Mantoux skin test and that he should be given a non-invasive TB test instead. Dr. Floss rebuts Mr. Morrow's argument. Dr. Floss's affidavit, the only evidence in the record on this point, indicates that there are no other available tests that detect *latent* TB. Based on this

evidence, there is no disputed fact as to Mr. Morrow's first amendment claim, and Defendants are entitled to summary judgment.

C.     Excessive Force Claim

Mr. Morrow also claims that Defendants used excessive force on April 1, 2013, when he was forcibly restrained for the Mantoux skin test. After Mr. Morrow repeatedly refused to be tested for TB by injection, on April 1, 2013, he was placed in restraints and escorted to the infirmary. (#90) He again verbally refused to submit to the TB test. A team of correctional officers positioned him so that a nurse could inject the underside of his forearm. (#90) Mr. Morrow was then escorted back to his cell, where officers removed the restraints. (#90) Pursuant to ADC policy, this entire incident was recorded on a video. (#90)

To prevail on an Eighth Amendment excessive force claim, a convicted prisoner must demonstrate that the defendants used force "maliciously and sadistically to cause harm," rather than in "a good-faith effort to maintain or restore discipline." *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Santiago v. Blair,* 707 F.3d 984, 990 (8th Cir. 2013).

Here, Mr. Morrow offers no facts to show that any of the Defendants used force maliciously or sadistically to cause harm. Rather, the Defendants followed ADC policy forcing Mr. Morrow to submit to the TB test after his continued refusal.

Furthermore, Mr. Morrow has not alleged any injury resulting from the forced injection. *Williams v. Jackson*, 600 F.3d 1007, 1012 (8th Cir. 2010) (citing *Hudson v.*

*McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995(1992))("a *de minimis* application of force will not result in a constitutional violation"). As a result, Mr. Morrow's excessive force claim fails as a matter of law.

**IV.** <u>**Conclusion**</u>**:**

The Court recommends that the Defendants' motions for summary judgment (#89, #92) be GRANTED. Mr. Morrow's claims should be DISMISSED, with prejudice.

Dated this 11th day of June, 2015.

                                                                   _____
UNITED STATES MAGISTRATE JUDGE